LAW OFFICES OF THOMAS W. FALVEY
THOMAS W. FALVEY, SBN 65744
J.D. HENDERSON, SBN 235767
301 North Lake Avenue, Suite 800
Pasadena, California  91101
Telephone:  (626) 795-0205

Attorneys for Plaintiff HARRY BOON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARRY BOON** | **CASE NO.  CV11-08206 R (Cwx)** |
| **Plaintiff,** | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | **1. FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS ( LABOR CODE §§ 216, 1194, 1194.2 AND 1197)** |
| **CANON BUSINESS SOLUTIONS, INC., and DOES 1 through 50, inclusive,** | |
| **Defendants.** | **2. FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE §§ 510 and 1194);** |
| | **3. FAILURE TO FURNISH ACCURATE WAGE AND HOUR STATEMENTS (LABOR CODE § 226);** |
| | **4. WAITING TIME PENALTIES (LABOR CODE §§ 201-203);** |
| | **5. PRIVATE ATTORNEY GENERAL ACT (PAGA);** |
| | **6. UNFAIR COMPETITION (BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*);** |
| | **7. EMPLOYMENT DISCRIMINATION (GOVERNMENT CODE §§ 12900, *et seq.*); and** |
| | **8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| | **JURY TRIAL DEMANDED** |

1    Plaintiff HARRY BOON ("Plaintiff") alleges as follows:

2

3    ## GENERAL ALLEGATIONS

4    1.    Defendant CANON BUSINESS SOLUTIONS, INC, and DOES 1-50,

5    inclusive (collectively, "Defendants" or "CANON") denied Plaintiff HARRY

6    BOON ("Plaintiff" or "BOON") the benefits and protections required under the

7    California Labor Code and other statutes and regulations applicable to employees

8    in the State of California.

9    2.    CANON, in conjunction with other Defendants:

10         a.    failed to pay wages for all hours worked by the Plaintiff;

11         b.    failed to pay overtime wages due to the Plaintiff;

12         c.    failed to provide the Plaintiff with timely and accurate wage and hour

13         statements;

14         d.    failed to pay the Plaintiff compensation in a timely manner upon his

15    termination;

16         e.    failed to maintain complete and accurate payroll records for the

17    Plaintiff;

18         f.    wrongfully withheld wages and compensation due to the Plaintiff;

19    and

20         g.    committed unfair business practices in an effort to increase profits

21    and to gain an unfair business advantage at the expense of the Plaintiff and the

22    public.

23         h.    engaged in unlawful discrimination based on age against an employee

24    over the age of 40, and

25         i.    terminated an employee based on his age in violation of public policy.

26    3.    The foregoing acts and other acts by Defendants - committed throughout

27    California and Los Angeles County - violated numerous provisions of California

28    law, including California Labor Code sections 201, 202, 203, 216, 226, 226.7,

2

First Amended Complaint

510, 512, 515, 551, 552, 1194, and 1198 and the applicable Wage Orders issued
by California's Industrial Welfare Commission (collectively, "Employment Laws
and Regulations"), Business & Professions Code sections 17200 *et seq.*,
California's Fair Employment and Housing Act ("FEHA") and violated Plaintiff's
rights.

## THE PARTIES

4.     Plaintiff HARRY BOON is, and at all relevant times was, a competent adult
residing in California. Plaintiff worked for CANON as a Driver in Los Angeles
County, California during the past several decades. He is over the age of 40.

5.     Defendant CANON is, and at all relevant times was, a company which
conducts business throughout the State of California, including in Los Angeles
County. Defendants have engaged in unlawful employment practices addressed in
this complaint throughout California and in Los Angeles County.

6.     Plaintiff is currently unaware of the true names and capacities of the
defendants sued in this action by the fictitious names DOES 1 through 50,
inclusive, and therefore sues those defendants by such fictitious names. Plaintiff
will amend this Complaint to allege the true names and capacities of such
fictitiously named defendants when they are ascertained. Plaintiff is informed and
believes and based thereon states that the persons sued herein as DOES are in
some manner responsible for the conduct, injuries and damages herein alleged.

7.     Plaintiff is informed and believes and based thereon alleges that each
defendant sued in this action, including each defendant sued by the fictitious
names DOES 1 through 50, inclusive, is responsible in some manner for the
occurrences, controversies and damages alleged below.

8.     Plaintiff is informed and believes and based thereon alleges that DOES 1
through 50, inclusive, were the agents, servants and/or employees of Defendants
and, in doing the things hereinafter alleged and at all times, were acting within the
///

First Amended Complaint

1 | scope of their authority as such agents, servants and employees, and with the
2 | permission and consent of Defendants.

3 | 9.    Plaintiff is informed and believes and based thereon alleges that Defendants
4 | ratified, authorized, and consented to each and all of the acts and conduct of each
5 | other as alleged herein.  Each of the defendants was the agent and/or employee of
6 | the others, and the conduct of each defendant herein alleged was authorized and/or
7 | ratified by the others.  The conduct of CANON was carried on by and through its
8 | authorized agents, including owners, officers, directors, managers and supervisors.

9 | **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10 | 10.    On or about August 23, 2011 Plaintiff, an individual over the age of 40,
11 | filed a charge ('Charge') with the California Department of Fair Employment &
12 | Housing ("DFEH") charging the defendant CANON BUSINESS SOLUTIONS,
13 | INC. with terminating Plaintiff on the basis of age in violation of FEHA. The
14 | Charge was filed within one year of the discriminatory employment practice
15 | described in this Complaint.

16 | 11.    On or about August 23, 2011 Plaintiff received a Notice of Case Closure
17 | from the DFEH.

18 | 12.    On or about August 26, 2011, and within 60 days of his receipt of the right
19 | to sue notice from the DFEH, Plaintiff served defendant CANON BUSINESS
20 | SOLUTIONS, INC. with a copy of the Charge and the Notice of Case Closure.

21 | 13.    On or about August 8, 2011, Plaintiff provided written notice to the
22 | Calfornia Labor and Workforce Development Agency ("LWDA") which apprised
23 | the LWDA (and also Defendants) of the specific violations of the California Labor
24 | Code which Defendants have violated.  This First Amended Complaint was filed
25 | more than 33 days later.  This exhausted all administrative procedures required
26 | under the Private Attorney General Act ("PAGA").  See *Sinolinding v. United*
27 | *Staffing Solutions, Inc.* (2008) 2008 WL 134904; *Lessard v. Trinity Protection*
28 | *Services, Inc.* (E.D. Cal. 2010) 2010 WL 3069265.

## **FACTS**

13.     During the four years preceding the filing of this action, Plaintiff was employed by Defendants in Los Angeles County, California, as a copy repair technician, and was a non-exempt/hourly employee under the Employment Laws and Regulations.

14.     During the time Plaintiff was employed by CANON, CANON failed and refused to pay Plaintiff for all hours worked ("off-the-clock" work), including but not limited to driving to the first repair location and back to his place of business (his home) at the end of the day, and for necessary work performed at the last repair call of the day which went beyond his normally scheduled hours, all in violation of the Employment Laws and Regulations.

15.     Plaintiff was told he was paid a "salary" although he was a non-exempt hourly employee. CANON also told him that any hours in excess of his pre-scheduled hours (that is, overtime hours) would be paid only if authorized by management.

16.     As part of his normal, daily duties, Plaintiff was "penalized" if he had to return to a customer location to complete a repair, known as a "callback." At the end of most days, repairs were not complete when Plaintiff's scheduled hours ran out, so he had to complete the repair instead of ceasing work and returning the next day. As a result, Plaintiff often worked in excess of his pre-scheduled hours.

17.     In addition to off the clock work at the end of each day when Plaintiff had to complete repairs at customer locations, CANON regularly sent work emails to Plaintiff at his personal email address, including instructions from his supervisors, technical drawings and technical bulletins he needed to review in order to perform his job, and workplace announcements. CANON did not provide Plaintiff with a work email address. CANON provided Plaintiff with a company "laptop" computer, but it could not access email. As a result, Plaintiff could only access these frequent and necessary work-related emails from CANON at his home on his

1   home computer. The time spent related to these emails, including reviewing

2   company training, taking company tests, reviewing technical bulletins and other

3   technical publications, was not de minimis, but took up many hours each week.

4   For instance, Plaintiff was frequently required to study technical manuals and then

5   take tests in order to be "certified" on various machines and repair procedures as

6   part of CANON's "Educational Services system". These manuals, bulletins and

7   the tests he took to be "certified" were only accessible to him from his home

8   computer using his personal email address, and were not available to him on his

9   company-issued laptop. Such training was known as a CANON "Learning

10  Activity." Plaintiff was not paid for any of this time spent working at his home

11  despite CANON's knowledge of this off-the-clock labor Plaintiff performed on

12  CANON's behalf and at its direction.

13  18.    In addition to "off the clock work" related to work emails that Plaintiff

14  performed without compensation but with CANON's knowledge, as part of his job

15  Plaintiff was required to keep inventory items in his car and at his home,

16  replenishing his stock from time to time by traveling to a CANON warehouse.

17  Plaintiff had to track this inventory (referred to by his immediate supervisor as

18  "car stock parts") and was subject to periodic audits, where he would be rated on

19  how well he kept track of the many parts and supplies in this "car stock"

20  inventory. His immediate supervisor, Mr. Tan Ngoc Luong, told Plaintiff

21  "inventory is [a] large part of your performance." Plaintiff was not paid for any of

22  this time spent working on CANON inventory at his home despite CANON's

23  knowledge of the labor he performed on its behalf and at its direction.

24  19.    Plaintiff's principal place of business was his home. He was required to

25  keep CANON inventory at his home, received workplace assignments there,

26  including assignments he could only perform on his home computer, and

27  performed training (including testing and evaluations). Each workday morning he

28  was required to check with CANON about his daily assignments and plan his

1   route before leaving his house.  He rarely went to the location where his
2   supervisor was located, 707 Wilshire Blvd., Los Angeles, CA 90017.  In fact, he
3   was instructed not to go there unless he was told to go there by management or
4   unless he was not assigned any calls, a very infrequent occurrence.  Despite
5   CANON's knowledge that Plaintiff was working from home each morning before
6   his first call and after his last call of the day, Plaintiff was not paid for any work
7   performed until his expected arrival time at a customer location.  This was pre-
8   scheduled to take place at 8:00 am each day, after he had already been performing
9   labor on CANON's behalf, and without any compensation for the time spent
10  traveling from his principal place of business to a customer location, or for the
11  work performed at Plaintiff's principal place of business before leaving for a
12  customer location.  Nor was Plaintiff paid for work performed at the end of the day
13  at his principal place of business, including necessary work with CANON's "car
14  stock parts" inventory, filling out required paperwork and responding to other
15  directions from his immediate supervisor.
16  20.    CANON required Plaintiff to provide customers an "accurate ETA"
17  (Estimated Time of Arrival) within one hour of receiving a call on his "box" (the
18  CANON-owned device used to notify Plaintiff of his assigned "calls" to visit
19  customer locations).  However, Plaintiff was instructed in writing not to "log in
20  to" CANON's "ADS system" until he first arrived at the customer location, despite
21  having to determine the route to the customer location, then determine an accurate
22  ETA (including monitoring current traffic and weather conditions), and actually
23  making contact with the customer to let them know his ETA at their location.
24  Each morning he had to perform these tasks, including contacting the customer,
25  without compensation ( and without clocking in on CANON's "ADS system"),
26  and then travel to the customer location, again without being paid anything for the
27  time he spent traveling, which was often extensive.
28  ///

1   21.   CANON knew Plaintiff was entitled to be paid for all hours worked,
2   including the work he performed at his principal place of business (his home),
3   travel time to customer locations after he had already performed work for
4   CANON, including contacting CANON customers to inform them of Plaintiff's
5   ETA at their location, and for time spent traveling back to his principal place of
6   business after his last repair call of the day, or to and from CANON's warehouse
7   when Plaintiff needed to turn in and/or pick up inventory for the "car stock parts"
8   inventory CANON required Plaintiff to keep in his car and/or at his principal place
9   of business (his home).
10   22.   As a result of CANON's practices, during Plaintiff's employment with
11   CANON he was regularly required to work more than eight hours per day and
12   more than forty hours per workweek. CANON regularly failed and refused to
13   fully compensate Plaintiff for the overtime hours he worked, in violation of the
14   Employment Laws and Regulations.
15   23.   During Plaintiff's employment with CANON, CANON failed and refused to
16   provide Plaintiff with timely and accurate wage and hour statements in violation of
17   the Employment Laws and Regulations. The wage and hour statements CANON
18   provided were inaccurate in that they did not accurately show the hours worked
19   and wages earned, including not showing the off-the-clock work CANON knew
20   Plaintiff performed on a daily basis and at CANON's direction, as described
21   above.
22   24.   CANON also failed to make available meal and rest periods to Plaintiff as
23   required by law, despite having a portable "ADS system" where CANON could
24   communicate with Plaintiff and where Plaintiff could clock in and out for meal
25   periods if CANON actually permitted them. Instead, Plaintiff was scheduled to
26   make customer repairs and visit customer locations without let-up during the
27   workday, with no possibility of taking a meal period in which Plaintiff was
28   relieved of all duties. He usually ate his lunch in his car while traveling from one

customer location to another, and as he had to carry his "box" in order to respond to dispatch calls and communicate his ETA to customers within a set time period after he was notified of a call, he was never relieved of all duties even on the very rare "slow" day when customer calls were less frequent than was usually the case.

25.    During Plaintiff's employment with CANON, CANON wrongfully withheld wages from Plaintiff and failed to pay wages and other compensation which was due for all of the hours he worked, for overtime work, and as otherwise required by the Employment Laws and Regulations.

26.    Defendants have failed and refused to pay accrued wages and other compensation earned and due immediately to Plaintiff at the time he was terminated.  Plaintiff was owed all wages for his off the clock work and for meal and rest period premium wages incurred, and to date these wages have still not been paid to him.  CANON knew of Plaintiff's off the clock work and thus the failure to pay accrued wages at the time of his termination was deliberate and knowing and there is no "good faith" dispute as to CANON's failure to pay wages.

27.    Plaintiff's duties and activities during his working hours were known to and directed by CANON, and were set and controlled by CANON.

28.    Plaintiff seeks payment of unpaid wages, overtime premium pay and other compensation, all benefits required pursuant to the Employment Laws and Regulations, plus penalties and interest, owed to him.

29.    Defendants' conduct violated the Employment Laws and Regulations. CANON's systematic acts and practices also violated, *inter alia*, California Business & Professions Code section 17200, *et seq.*

30.    Plaintiff seeks restitution and disgorgement of all sums wrongfully obtained by Defendants through unfair business practices in violation of California's Business & Professions Code sections 17200, *et seq.*, to prevent CANON from benefitting from violations of law and/or unfair acts.  Such sums recovered under ///

1  the Unfair Competition Act and Unfair Businesses Act are equitable in nature and
2  are not to be considered damages.

3  31.    To the extent that Plaintiff entered into any arbitration agreement with any
4  defendant and such agreement purports to require arbitration, such agreement is
5  void and unenforceable.  Any such agreement was one of adhesion, executed
6  under duress, lacked consideration and mutuality, and was otherwise void under
7  both California Labor Code section 229 and the California Supreme Court case of
8  *Armendariz v. Foundation Health Psychare Services, Inc.* (2000) 24 Cal.4th 83.

9  32.    Plaintiff was the oldest technician in his department.  He had worked for
10  CANON for several decades.  Coworkers openly referred to him as "the old man"
11  and "the old guy."

12  33.    When a new manager arrived, Mr. Tan Luong, he let it be known early on
13  that he intended to terminate Plaintiff.  Shortly after he became Plaintiff's first-line
14  supervisor, Mr. Luong's father passed away.  Plaintiff attended the funeral.
15  Plaintiff later heard from co-workers that Mr. Luong had commented to them, "It
16  will be hard to terminate Harry [Plaintiff] after he attended my father's funeral."

17  34.    Plaintiff was terminated on July 22, 2011.  The reason provided by
18  defendant CANON BUSINESS SOLUTIONS, INC. was "unsatisfactory
19  performance" based on Plaintiff's allegedly poor "First Call Fix Rate" percentage.

20  35.    Plaintiff's "First Call Fix Rate" percentage was consistent for decades until
21  he was transferred by Mr. Luong to a new area known for institutional customers
22  with high "callback" rates.  Many of these "callbacks" in the new area were
23  beyond his control (such as a customer calling for repairs of a copy machine
24  following a successful repair of a *different* machine, which still counted against
25  Plaintiff as a "callback").  Even after Plaintiff was involuntarily transferred to a
26  new area with new customers, CANON's own productivity reports showed
27  Plaintiff was neither the best nor the worst in his department.  Nevertheless, he
28  was terminated, with his "First Call Fix Rate" percentage cited as the sole reason.

36.     Upon information and belief, none of his significantly younger co-workers were terminated based on poor "First Call Fix Rate" percentages, even though several younger co-workers had "worse" percentages than Plaintiff according to defendant CANON BUSINESS SOLUTIONS, INC.'s own documents.  The "First Call Fix Rate" percentage was mere pretext.

## FIRST CAUSE OF ACTION

### (Failure to Pay Minimum Wage Compensation for All Hours Worked (Labor Code §§ 216, 1194, 1194.2 and 1197))

37.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

38.     Plaintiff brings this action to recover unpaid compensation for all hours worked.

39.     The Defendants' conduct described in this Complaint violates, among other things, Labor Code sections 216, 1194, 1194.2 and 1197.

40.     Defendants failed to pay Plaintiff for all of the actual hours he worked. Defendants knew or should have known that Plaintiff was working these hours.

41.     Plaintiff is entitled to recover the unpaid balance of compensation Defendants owe Plaintiff, plus interest on that amount, and liquidated damages pursuant to Labor Code section 1194.2.  Plaintiff is also entitled to additional penalties and/or liquidated damages pursuant to statute.

42.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in an amount according to proof at the time of trial, and is entitled to recovery of such amounts, plus interest thereon, and attorney's fees and costs pursuant to Labor Code section 1194, in an amount according to proof at the time of trial.

///

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Compensation (Labor Code §§ 510 and 1194))**

43.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

44.     Defendants have routinely required Plaintiff to work over eight hours in a day and over forty hours in a workweek.  However, Defendants have failed and refused to pay Plaintiff the overtime compensation required by the Employment Laws and Regulations.

45.     Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay that compensation.  Plaintiff is entitled to recover such amounts, plus interest.

46.     As a result of Defendants', and each of their unlawful acts, Plaintiff has been deprived of compensation in an amount according to proof at the time of trial, and is entitled to recovery of such amounts, plus interest thereon, and attorney's fees and costs pursuant to Labor Code section 1194, in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

**(Failure to Furnish Accurate Wage and Hour Statements (Labor Code § 226))**

47.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

48.     Defendants have routinely failed to provide Plaintiff with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hours rates in

12

1  effect during each pay period and the corresponding number of hours worked at
2  each hourly rate.

3  49.   As a consequence of Defendants' actions, Plaintiff has suffered injury,
4  including not having an accurate record of his hours actually worked for the
5  purposes of this litigation.

6  50.   As a consequence of Defendants' actions, Plaintiff is entitled to all available
7  statutory penalties, including those provided in California Labor Code section
8  226(e), as well as all other available remedies.

9                    **FOURTH CAUSE OF ACTION**

10        **(Waiting Time Penalties (Labor Code §§ 201-203))**

11  51.   As a separate and distinct cause of action, Plaintiff complains and realleges
12  all of the allegations contained in this complaint, and incorporates them by
13  reference into this cause of action as though fully set forth herein, excepting those
14  allegations which are inconsistent with this cause of action.

15  52.   Labor Code section 201 requires an employer who discharges an employee
16  to pay compensation due and owing to said employee immediately upon discharge.
17  Labor Code section 203 provides that if an employer willfully fails to pay
18  compensation promptly upon discharge, as required by section 201, the employer
19  is liable for waiting time penalties in the form of continued compensation for up to
20  30 days.

21  53.   Defendants, and each of them, willfully failed and refused, and continue to
22  willfully fail and refuse, to timely pay compensation due to Plaintiff after he was
23  terminated, as required by Labor Code section 201.  As a result, Defendants, and
24  each of them, are liable to Plaintiff for waiting time penalties, together with
25  interest thereon, pursuant to California Labor Code section 203, in an amount
26  according to proof at the time of trial. Penalties continue for up to 30 calendar
27  days. The statutory reference is to 30 actual days' worth of wages.  Waiting time
28  penalties for a specific number of days (in this case, 30 days) are computed by

---

13

First Amended Complaint

multiplying the employee's daily wage rate by the specified number of days since the payment of the wages became due. Because the amount of off-the-clock work was not recorded by CANON in violation of its obligation to accurately record and pay for all hours worked under Labor Code section 226, the actual daily wage owed to Plaintiff for this "waiting time penalty" is to be determined by the finder of fact at trial, and after the parties have had the opportunity to perform discovery regarding hours worked.

## FIFTH CAUSE OF ACTION

**(Private Attorney General Act (Labor Code §§ 201, 202, 203, 216, 226, 226.7, 510, 512, 515, 551, 552, 1194, and 1198 and Industrial Welfare Commission Wage Order 4-2001)**

54.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

55.    Plaintiff, individually and on behalf of all others similarly situated and the general public, alleges that on or about August 8, 2011, he provided written notice to the Labor and Workforce Development Agency ("LWDA") and to Canon of the specific violations of the California Labor Code Defendants have violated and continue to violate.

56.    Pursuant to Labor Code section 2699.3 (a)(2)(A), because no response was received from the LWDA within 33 days of the postmark of the August 8, 2011 letter, Plaintiff has exhausted all administrative procedures required of him under Labor Code §§ 2698, 2699 and 2699.3 (the Private Attorney General Act of 2004 ("PAGA")), and, as a result, is justified as a matter of right in bringing forward this cause of action.

///

///

First Amended Complaint

57.     As a result of the acts alleged above, Plaintiff seeks penalties under PAGA because of Defendants' violations of numerous provisions of the California Labor Code.

58.     Pursuant to PAGA, Plaintiff should be awarded twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### (Unfair Competition (Business & Professions Code §§ 17200, *et seq.*)

59.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

60.     Defendants' violations of the Employment Laws and Regulations as alleged in this Complaint, including Defendants'

    a.     Failure and refusal to pay Plaintiff wages for all hours worked;

    b.     Failure and refusal to pay Plaintiff overtime wages;

    c.     Failure and refusal to provide Plaintiff with timely and accurate wage and hour statements;

    d.     Failure to pay Plaintiff compensation in a timely manner upon his termination; and

    e.     Failure to maintain complete and accurate payroll records for Plaintiff,

all of which constitute unfair business practices in violation of the California Business & Professions Code section 17200, *et seq.*

61.     Defendants have avoided payment of wages, overtime wages and other benefits as required by the California Labor Code, the California Code of Regulations, and applicable Industrial Welfare Commission Wage Orders. Further, Defendants have failed to record, report and pay the correct sums of

///

1 assessment to the State authorities under the California Labor Code and other
2 applicable regulations.

3 62.    Defendants' unfair business practices entitles Plaintiff to seek preliminary
4 and permanent injunctive relief including, but not limited to, orders that
5 Defendants account for, disgorge and restore to Plaintiff the wages and other
6 compensation unlawfully withheld from him.

7 ## SEVENTH CAUSE OF ACTION

8 **(For Employment Discrimination (Gov. Code §§ 12900, *et seq.*)**

9 63.    As a separate and distinct cause of action, Plaintiff complains and realleges
10 all of the allegations contained in this complaint, and incorporates them by
11 reference into this cause of action as though fully set forth herein, excepting those
12 allegations which are inconsistent with this cause of action.

13 64.    Defendants' actions in terminating Plaintiff due to his age violate the
14 California Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§12900,
15 *et seq*.

16 65.    Defendant CANON BUSINESS SOLUTIONS, INC. is an entity covered by
17 the FEHA in that CANON BUSINESS SOLUTIONS, INC. is a defendant who
18 regularly employs five or more persons.

19 66.    The unlawful employment practices complained of herein occurred in
20 California.

21 67.    Plaintiff is an adult person and a resident of the State of California.

22 68.    Plaintiff is, and at all relevant times alleged herein was, a man over the age
23 of 40 and thus is a member of a class of persons protected by the FEHA from
24 employment discrimination on the basis of his age.

25 69.    Plaintiff is informed and believes, and thereon alleges, that Defendant has
26 intentionally discriminated against Plaintiff because of his age, in violation of the
27 FEHA.

28 70.    This action was timely filed.

71.    By this action, Plaintiff seeks monetary relief including back pay, front pay, lost benefits and other compensatory damages; and punitive damages.

72.    Plaintiff is informed and believes that CANON BUSINESS SOLUTIONS, INC. has treated younger employees differently and/or would not have terminated Plaintiff if he had been a younger employee.

73.    The discriminatory termination of Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of age in violation of Gov. Code §§ 12900, *et seq.*

74.    The above-recited actions of CANON BUSINESS SOLUTIONS, INC. were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA. CANON BUSINESS SOLUTIONS, INC.'s conduct warrants the assessment of punitive damages in an amount sufficient to punish it and deter others from engaging in similar misconduct.

75.    As a proximate and actual result of the acts as alleged herein, Plaintiff has been damaged in an unknown amount.  Plaintiff has lost income and other benefits.  The total sum of such losses exceed the minimal jurisdictional limits of this court.  The exact sum of said losses will be proven at the time of trial.

## EIGHTH CAUSE OF ACTION

### (For Wrongful Termination In Violation of Public Policy)

76.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

77.    Plaintiff was terminated because of his age.

78.    Plaintiff's termination was in violation of fundamental public policies of the state of California as stated in FEHA.

///

///

First Amended Complaint

79.    As a result of the wrongful conduct of defendants and each of them,
Plaintiff has suffered damage, including but not limited to lost pay and benefits.
80.    The conduct of defendants and each of them was carried on in violation of
Civil Code § 3294 in the following respects:

     a.    The conduct was despicable and was carried on by defendants with a
willful and conscious disregard of plaintiff's rights.

     b.    Defendants' conduct was oppressive in that it was despicable conduct
which subjected plaintiff to cruel and unjust hardship in conscious disregard of his
rights.

81.    In doing the acts herein alleged, Defendants acted intentionally,
oppressively, and maliciously toward Plaintiff with advance knowledge and
conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did
authorize or ratify such intentional, oppressive and malicious acts, with the intent
of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff
injury.  Because the acts taken toward Plaintiff were carried out by managerial
employees acting in a deliberate, cold, callous, and intentional manner in order to
injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive
damages.  Defendants are liable in punitive damages for the conduct of their
officers and managing agents.

82.    Plaintiff claims prejudgment interest on all said amounts, at the rate set by
law, in an amount to be proven at the time of trial.

## PRAYER FOR RELIEF

    **WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor
and against Defendants as follows:

    1.    For compensatory damages in an amount to be ascertained at trial;

    2.    For punitive and exemplary damages in an amount to be ascertained
at trial;

    3.    For penalties as required by law;

First Amended Complaint

1       4.     For prejudgment interest at the legal rate pursuant to California Labor

2 Code section 218.6 and other applicable sections;

3       5.     For cost of suit incurred herein;

4       6.     For disgorgement of profits garnered as a result of Defendants'

5 unlawful failure to pay wages, including overtime wages, earned;

6       7.     That the Court determine that the Fifth Cause of Action (PAGA) be

7 maintained as a representative action;

8       8.     For interest accrued to date;

9       9.     For attorneys fees and costs pursuant to Labor Code § 1194 and

10 PAGA; and

11      10.    For such further relief as the Court may deem appropriate.

12

13 DATED: January 19, 2012    LAW OFFICES OF THOMAS W. FALVEY

14

15

16                    By:

17                      J.D. HENDERSON

18                Attorneys for Plaintiff HARRY BOON

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

First Amended Complaint

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff demands jury trial of this matter.

3

4    DATED: January 19, 2012    LAW OFFICES OF THOMAS W. FALVEY

5

6

7                    By: _____

8                      J.D. HENDERSON

9               Attorneys for Plaintiff HARRY BOON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 301 North Lake Avenue, Suite 800, Pasadena, California 91101.

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service the same day that it is collected and processed; such correspondence would be deposited with the United States Postal Service that same day in the ordinary course of the firm's business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit (declaration).

On **January 19, 2012** I served the foregoing documents described as **FIRST AMENDED COMPLAINT** on all interested parties in this action by placing true copies thereof in a sealed envelope addressed as follows:

MANDANA MASSOUMI
JESSICA L. LINEHAN
DORSEY & WHITNEY, LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626

Attorneys for Defendants, CANON BUSINESS SOLUTIONS, INC.
Telephone: 714-800-1400; Facsimile: 714-800-1499

[X] (BY MAIL, C.C.P. 1013a, 2015.5) with postage fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service in Pasadena, California.
[ ] (BY CERTIFIED MAIL)
[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand
  [] to the office(s) of the addressee(s).
  [] at the courthouse where the above matter is pending.
[ ] (BY FACSIMILE SERVICE) I caused to be transmitted such documents via a facsimile machine maintained by the person on whom it is served pursuant to a written confirmation between the parties of an agreement to accept said service by facsimile transmission.
[ ] (BY EXPRESS MAIL) I deposited said envelope(s) in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail, together with an unsigned copy of this proof of service, in a sealed envelope, with Express Mail postage fully prepaid, addressed to each party listed in the attached mailing list or herein.
[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on **January 19, 2012,** at Pasadena, California.
I declare under penalty of perjury that the above is true and correct.

CMEHRA